IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROGER LEE LOUGHRY, Sr. | : |
| | : |
| v. | : Civil No. CCB-14-2208 |
| | : |
| CAROLYN W. COLVIN | : |
| | : |

## MEMORANDUM

Roger Lee Loughry, Sr., apparently a federal prison inmate currently incarcerated in Virginia, sues Carolyn Colvin, in her capacity as Acting Commissioner of the Social Security Administration, seeking benefits that agency allegedly failed to pay him before his incarceration. Loughry asserts that he lived in Maryland before he was incarcerated and that he remains a resident of Maryland. He also alleges that he filed for and won the benefits claim he now seeks to collect while he was in Maryland. Colvin nevertheless moves to dismiss Loughry's complaint, arguing that venue in this court is improper. Loughry, in turn, requests a change of venue in lieu of outright dismissal.

## ANALYSIS

Claims brought under the Social Security Act ("SSA") "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . ." 42 U.S.C. § 405(g). A party may waive this venue requirement. *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975).

The Fourth Circuit appears never to have ruled on the residency, under either the SSA venue provision or the general venue statute, 28 U.S.C. § 1391, of a prisoner incarcerated in a

state different from the one in which she lived before conviction. Although courts are split on that question, the overwhelming weight of authority seems to indicate that prisoners remain residents of the jurisdiction in which they resided prior to their incarceration, at least for purposes of the general venue statute. *Compare, e.g.*, *Keys v. United States Dep't of Justice*, 288 F. App'x 863, 866 (3d Cir. 2008) (per curiam) ("Prisoners generally are deemed to be residents, not of their place of incarceration, but of their place of domicile immediately before their incarceration.");[1] *Holmes v. United States Bd. of Parole*, 541 F.2d 1243, 1248–49 (7th Cir. 1976), *overruled on other grounds by Arsberry v. Sielaff*, 586 F.2d 37, 45 (7th Cir. 1978); *Brimer v. Levi*, 555 F.2d 656, 658 (8th Cir. 1977) (per curiam); *Ellingburg v. Connett*, 457 F.2d 240, 241 (5th Cir. 1972) (per curiam); *Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa. 1992); *United States v. Kahane*, 396 F. Supp. 687, 697 (E.D.N.Y. 1975); *and Ott v. United States Bd. of Parole*, 324 F. Supp. 1034, 1037 (W.D. Mo. 1971); *with In re Pope*, 580 F.2d 620, 622 (D.C. Cir. 1978). *See generally* 14D Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3805 (4th ed. 2013). And this court long ago observed that a federal prisoner residing in Maryland but incarcerated in Pennsylvania remained a Maryland resident during his period of incarceration, again under the general venue statute. *See Stone v. United States Bd. of Parole*, 360 F. Supp. 22, 23 (D. Md. 1973).

Colvin's motion to dismiss neither acknowledges this split in authority nor advises the court as to its proper resolution. Before that motion is resolved, therefore, Colvin shall submit supplemental briefing on the matter. Alternatively, after reconsideration, Colvin may choose to withdraw her motion, thereby waiving any objection to venue in this court.

---

[1] Unpublished opinions are cited for the soundness of their reasoning, not for any precedential value.

## CONCLUSION

For the reasons stated above, Colvin shall within 21 days of the issuance of this memorandum and accompanying order submit supplemental briefing in support of her motion to dismiss, or withdraw the motion. Loughry may file a response to any additional briefing Colvin submits within fourteen days of that submission.

A separate order follows.

October 3, 2014                                     /S/
Date                                      Catherine C. Blake
                                          United States District Judge